IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2007

## JERMAINE HUNTER v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Circuit Court for Johnson County**
**No. 4934  Robert E. Cupp, Judge**

—————————

**No. E2007- 00438-CCA-R3-HC - Filed September 27, 2007**

—————————

The petitioner, Jermaine Hunter, appeals from the circuit court's summary dismissal of his pro se petition for writ of habeas corpus. Following our review of the record and applicable law, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ. joined.

Jermaine Hunter, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe and Benjamin A. Ball, Assistant Attorneys General; and Victor S. Johnson III, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1995, the petitioner was convicted by jury of first degree murder, and he received a sentence of life imprisonment with the possibility of parol after service of 25 years. The petitioner's convictions and sentences were affirmed on direct appeal. *State v. Jermaine Hunter*, No. 01C01-9506-CR-00176, 1996 WL 473999 (Tenn. Crim. App., at Nashville, Aug. 22, 1996), *perm. app. denied* (Tenn. Feb. 3, 1997). The petitioner was denied post-conviction relief. *Jermaine Lejuane Hunter v. State*, No. 01C01-9809-CR-00397, 1999 WL 695555 (Tenn. Crim. App., at Nashville, Sept. 9, 1999).

In August 2006, petitioner filed a pro se petition for habeas corpus relief, alleging that his conviction and sentence was void on the following grounds:

(1) Tennessee Code Annotated sections 39-13-201 and -202 (1993) (first degree murder) were unconstitutionally vague at the time of his conviction and sentence

because the sections were not "clarified by the addition of the culpable mental state element"; (2) the same code provisions were unconstitutional and void because the "the state's power to prosecute first degree murder occurring in a federally-subsidized, government-sponsored low income housing project is preempted by federal law"; (3) these same code provisions were unconstitutionally vague because "the body of the Act is broader than its restrictive caption[,] the Act encompasses more than one subject[,] and the body of the Act is in direct conflict with the caption"; (4) these same code provisions were unconstitutional "due to the failure of the Tennessee General Assembly to read and pass upon them, on three separate days, and the failure of the respective speakers of each house to sign the bills in open session, with each date appearing in the journal of the House and Senate; (5) his conviction and sentence were imposed by a judge not authorized by Article VI, section 4 of the Tennessee Constitution to do so because the judge was not a resident of the judicial district within the past year or a resident of the state within the past five years; (6) and the "use of at-large, circuit-wide elections for judges of the 20th Judicial Circuit of Tennessee in 1993 diluted the voting strength of African-American residents of Davidson County and had a discriminatory result that permeated this entire trial and rendered the judgment void."

In its order, the Johnson County Circuit Court dismissed the petition, finding no cognizable claim for relief. The petitioner appealed.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

Upon review, we determine that the petitioner is not entitled to habeas corpus relief. It is clear that the petitioner has not met his burden of proof in showing either a void judgment or an expired sentence. Each of the petitioner's six claims require proof beyond the judgment of conviction. Moreover, nothing in the available record supports the petitioner's claims. As noted:

> The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed. In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

*Summers*, 212 S.W.3d at 261. Again, the judgment must be void on its face before it can be attacked by a petition for writ of habeas corpus. *See, e.g.*, *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994). As the petitioner failed to assert a claim that would entitle him to habeas corpus relief, the circuit court's summary dismissal of the petitioner's habeas corpus petition was proper.

Upon due consideration of the pleadings, the record, and the applicable law, this court concludes that the petitioner has not established a cognizable claim for habeas corpus relief. The judgment dismissing the petition for writ of habeas corpus is affirmed.

_____
J.C. McLIN, JUDGE